IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MAHONEY, on behalf of himself and all others similarly situated, | : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 2:20-cv-03228-AB |
| COLONIAL PARK REALTY CO. | : : : |
| Defendant. | : |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT COLONIAL PARK REALTY CO. TO PLAINTIFF'S COMPLAINT

Defendant Colonial Park Realty Co. ("Colonial") hereby answers the Complaint of John Mahoney ("Plaintiff"), individually, and on behalf of himself and all others similarly situated as follows:

## INTRODUCTION

1. Colonial is without sufficient information to admit or deny this allegation. Further, this allegation contains legal conclusions. On these bases, it is denied.

2. Colonial is without sufficient information to admit or deny this allegation. On this basis, it is denied.

3. Colonial is without sufficient information to admit or deny this allegation. On this basis, it is denied.

4. Colonial is without sufficient information to admit or deny this allegation. Further, this allegation contains legal conclusions. On these bases, it is denied.

5. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

6. Colonial is without sufficient information to admit or deny this allegation. Further, this allegation contains legal conclusions. On these bases, it is denied.

DM1\11750320.1

7. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

8. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 8 and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

9. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 9 and its subparts, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the injunctive relief requested.

10. Colonial is without sufficient information to admit or deny this allegation. Further, this allegation contains legal conclusions. On these bases, it is denied.

## JURISDICTION AND VENUE

11. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial admits that Plaintiff's Complaint asserts a claim under federal law.

12. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial admits that it does business in this judicial district.

13. Colonial is without sufficient information to admit or deny this allegation. Further, this allegation contains legal conclusions. On these bases, it is denied.

14. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

**PARTIES**

15.     Colonial is without sufficient information to admit or deny this allegation.  On this basis, it is denied.

16.     This allegation is a legal conclusion and no response is necessary.  To the extent that a response may be required, Colonial denies the allegations set forth in Paragraph 16, except to the extent that Colonial is a Pennsylvania corporation doing business in Pennsylvania.

17.     This allegation is a legal conclusion and no response is necessary.  To the extent a response is required, denied.

**NATURE OF ACTION**

18.     Admitted that the internet is used for a variety of purposes.  To the extent that any further response is required, Colonial is without sufficient information to admit or deny the remainder of the allegations in Paragraph 18.  On this basis, any remaining allegations are denied.

19.     Colonial is without sufficient information to admit or deny this allegation.  On this basis, it is denied.

20.     Colonial is without sufficient information to admit or deny this allegation.  On this basis, it is denied.

21.     Colonial is without sufficient information to admit or deny this allegation.  On this basis, it is denied.

22.     Colonial is without sufficient information to admit or deny this allegation.  On this basis, it is denied.

23.     Colonial is without sufficient information to admit or deny this allegation (including all subparts to Paragraph 23).  On this basis, it is denied.

**STATEMENT OF FACTS**

24. It is admitted that Colonial owns and operates www.endersinsurance.com. To the extent any further response to Paragraph 24 is required, Colonial denies the remaining allegations contained in Paragraph 24.

25. Colonial is without sufficient information to admit or deny this allegation. On this basis, it is denied.

26. Colonial is without sufficient information to admit or deny the allegations in Paragraph 26 and its subparts related to Plaintiff's alleged use of Defendant's Website and, on this basis, such allegations are denied. To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 26 and its subparts, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

27. Colonial denies the allegations contained in Paragraph 27 and its subparts, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

28. Colonial denies the allegations contained in Paragraph 28, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

29. Colonial denies the allegations contained in Paragraph 29, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

30. Colonial denies the allegations contained in Paragraph 30, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

31. Colonial is without sufficient information to admit or deny the allegations in Paragraph 31 related to Plaintiff's alleged use of Defendant's Website and, on this basis, such allegations are denied. To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 31, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

32. Colonial denies the allegations contained in Paragraph 32, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

33. This allegation is a legal conclusion and no response is necessary. To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 33, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

34. This allegation is a legal conclusion and no response is necessary. To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 34, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

35. This allegation is a legal conclusion and no response is necessary. To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 35, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

36. Colonial denies the allegations contained in Paragraph 36, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

37. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

38. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

39. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

40. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

41. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

42. This allegation is a legal conclusion and no response is necessary. To the extent a response is required, denied.

43. This allegation is a legal conclusion and no response is necessary. To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 43, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

## **CLASS ACTION ALLEGATIONS**

44. Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 44, except that Colonial admits that Plaintiff purports to bring this action

as a putative class action.  Colonial denies that this action may properly be brought as a class action.

45. Paragraph 45 of the Complaint, including its subparts, contains conclusions of law to which no response is required.  To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 45 and its subparts, except that Colonial admits that Plaintiff purports to bring this action as a putative class action.  Colonial denies that this action may properly be brought as a class action.

46. Paragraph 46 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 46, except that Colonial admits that Plaintiff purports to bring this action as a putative class action.  Colonial denies that this action may properly be brought as a class action.

47. Paragraph 47 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 47, except that Colonial admits that Plaintiff purports to bring this action as a putative class action.  Colonial denies that this action may properly be brought as a class action.

48. Paragraph 48 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 48, except that Colonial admits that Plaintiff purports to bring this action as a putative class action.  Colonial denies that this action may properly be brought as a class action.

49.     Paragraph 49 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 49, except that Colonial admits that Plaintiff purports to bring this action as a putative class action.  Colonial denies that this action may properly be brought as a class action.

50.     Paragraph 50 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 50, except that Colonial admits that Plaintiff purports to bring this action as a putative class action.  Colonial denies that this action may properly be brought as a class action.

## FIRST CAUSE OF ACTION

51.     Colonial incorporates by reference its responses to each of the foregoing paragraphs.

52.     This allegation is a legal conclusion and no response is necessary.  To the extent a response is required, denied.

53.     This allegation is a legal conclusion and no response is necessary.  To the extent a response is required, denied.

54.     This allegation is a legal conclusion and no response is necessary.  To the extent a response is required, denied.

55.     This allegation is a legal conclusion and no response is necessary.  To the extent a response is required, denied.

56.     This allegation is a legal conclusion and no response is necessary.  To the extent a response is required, denied.

57. This allegation is a legal conclusion and no response is necessary.  To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 57, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

58. This allegation is a legal conclusion and no response is necessary.  To the extent that any further response may be required, Colonial denies the allegations contained in Paragraph 58, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the injunctive relief requested.

## SECOND CAUSE OF ACTION

59. Colonial incorporates by reference its responses to each of the foregoing paragraphs.

60. This allegation is a legal conclusion and no response is necessary.  To the extent that any further  response may be required, Colonial denies the allegations contained in Paragraph 60, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations.

61. This allegation is a legal conclusion and no response is necessary.  To the extent a response is required, denied.

## PRAYER FOR RELIEF

62. This allegation is a legal conclusion and no response is necessary.  To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 62, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the relief requested.

63. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 63, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the injunctive relief requested.

64. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 64, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the relief requested.

65. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 65, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the relief requested.

66. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 66, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the relief requested. Colonial further denies that this action may properly be brought as a class action.

67. This allegation is a legal conclusion and no response is necessary. To the extent that a response may be required, Colonial denies the allegations contained in Paragraph 67, and specifically denies that it has violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* and/or its implementing regulations, and denies that Plaintiff is entitled the relief requested.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state any claim upon which relief may be granted against Colonial.

2. Plaintiff has not incurred any actual damages or injury.

3. Plaintiff's claims are, in whole or in part, moot and therefore this Court lacks subject matter jurisdiction.

4. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

5. Depending on the time period challenged by Plaintiff's Complaint, Plaintiff's claims are, or may be, barred in whole or in part by the applicable statute of limitations and no such conduct can form the basis of any requested relief.

6. Plaintiff is not entitled to any relief, including injunctive or declaratory relief or any attorneys' fees, because Colonial developed and adopted a reasonable, good faith ADA compliance plan with respect to the accessibility of its website prior to the filing of Plaintiff's Complaint.

7. Plaintiff's claim is barred, in whole or in part, because of the applicable safe harbor provisions of the ADA and/or because Colonial reasonably relied on regulatory guidance from the Chief of the Disability Rights Section of the Department of Justice..

8. Colonial has acted reasonably and in good faith.

9. Colonial did not intentionally discriminate against Plaintiff due to any alleged disability or vision impairment.

10. Plaintiff is not entitled to any relief because it is, and has been, Colonial's policy to comply with the ADA and any related regulations or guidelines.

11. Plaintiff's claims are barred because Colonial has complied with the ADA and any applicable regulations or guidelines.

12. Plaintiff's claims are barred because there are no applicable ADA regulations or guidelines related to website accessibility.

13. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff requests modifications or accommodations that are not readily achievable.

14. To the extent that Colonial is deemed to be in noncompliance with the ADA or any related regulations or guidelines, any such alleged noncompliance is the result of undue hardship or burden and is not readily achievable, or would require fundamental alterations.

15. Plaintiff's claims are barred, in whole or in part, to the extent that the remedy or relief requested is not authorized by the ADA.

16. Plaintiff lacks standing to challenge the ADA compliance of the website.

17. No class should be certified in this case because Plaintiff cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

18. Colonial hereby gives notice that it intends to rely upon these and any other further defenses as may become available or apparent through pre-trial proceedings and discovery in this case, and hereby reserves all rights to assert such defenses.

WHEREFORE, Defendant Colonial Park Realty Co. respectfully requests that the Court deny any request for class certification and enter judgment in its favor and against Plaintiff.

DUANE MORRIS LLP

By:    /s/ J. Colin Knisely
      J. Colin Knisely (#202694)
30 S. 17th Street
Philadelphia, PA  19103
215-979-1112

12
DM1\11750320.1

                                        cknisely@duanemorris.com

Dated: February 1, 2021                  Attorney for Defendant,
                                                         Colonial Park Realty Co.